

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-23-00146-CV

───────────────────────

MUMTAZ BEGUM, Appellant

V.

KANWAL ZAHID, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2023-001671-1

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Mumtaz Begum filed this appeal from the trial court's judgment granting Appellee Kanwal Zahid possession of a premises in Southlake, Texas. Zahid has filed a motion to dismiss the appeal on the basis that Begum no longer has possession of the premises. A deputy clerk of this court has confirmed with the trial court clerk that a writ of possession has already been executed.

Because "[t]he only issue in a forcible detainer action is the right to actual possession of the premises," *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006), a forcible detainer appeal becomes moot upon an appellant's eviction from the property unless (1) the appellant asserts a meritorious claim of right to current, actual possession of the property or (2) damages or attorney's fees remain at issue. *Martinez v. HD Tex. Invs. LLC*, No. 02-21-00178-CV, 2021 WL 4319709, at *1 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.). The trial court did not award damages or attorney's fees in the judgment, and Begum has not filed a response to Zahid's motion to show grounds for continuing the appeal.

Because Begum is no longer in possession of the property and there does not appear to be an ongoing, live controversy between the parties, we vacate the trial court's judgment and dismiss this case as moot. Tex. R. App. P. 43.2(e); *see Marshall*, 198 S.W.3d at 785–90.

Per Curiam

Delivered:  June 29, 2023